**LEYENDA LEGAL GROUP, APC**
Jesus Gastelum, Esq. CA SBN 361275
12749 Norwalk Blvd. Suite 200E
Norwalk, CA 90650

Telephone: (626) 271-2863
E-Mail: info@leyendalegal.com

*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **NORBERTO JARACUARO BOTELLO,**<br><br>Petitioner,<br><br>v.<br><br>Markwayne MULLIN, Secretary, Department) of Homeland Security; Todd BLANCHE, Attorney General; EOIR; David Venturella, ICE Director; Marcos CHARLES, Executive Associate Director of ICE (Enforcement and Removal Operations (ERO); and Thomas Giles, Adelanto Immigration and Customs Field Office Director,<br><br>Respondents. | Civil Case No. 26-12061<br><br>**PETITION FOR WRIT OF *HABEAS CORPUS* AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. NORBERTO JARACUARO BOTELLO (hereinafter, "Petitioner") is a Mexican national who has been a Lawful Permanent Resident (hereinafter, "LPR") since 2001.

2. Petitioner has been in Department of Homeland Security (hereinafter, "DHS") custody since September 13, 2026, when he was detained at Los Angeles International Airport, upon returning from an international trip to Mexico.

3. DHS bases his detention on the following convictions from December 5, 2019: (a) two (2) counts in violation of California Health and Safety (hereinafter, "HS") Code Section 11377(A), Possession of a Controlled Substance; (b) California Penal Code (hereinafter, "PC") Section 530.S(c)(1), Possession of Personal Identification with Intent to Defraud; and (c) California PC Section 484(a) 488, Petty Theft.

4. The above referenced convictions are separate case numbers at the Orange County Superior Court.

5. Despite his long-standing LPR status, DHS has classified Petitioner as an "arriving alien," rendering him ineligible for custody determination before an Immigration Judge. As a result, he has been deprived of any opportunity to seek release through the normal bond process.

6. Through this habeas petition, Petitioner seeks a writ of habeas corpus ordering his immediate release from custody. In the alternative, he hereby requests constitutionally adequate bond hearing.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction pursuant to 28 U.S.C. Section 2241 because Petitioner is in federal custody under DHS.

7. There is a federal question under federal law as to his detention and the Fifth (5th) Amendment of the U.S. Constitution. 23 U.S.C. Section 1331.

8. Venue is proper because the Petitioner is detained at Adelanto ICE Processing Center, which lies within the jurisdiction of this Court.

**PARTIES**

9. Petitioner is a native and citizen of Mexico. He has been an LPR since 2001 and is currently detained at the Adelanto ICE Processing Center.

10. Respondent is the Field Officer Director for Adelanto. The other Respondent's are U.S. federal officials named in their respective capacity.

**FACTS**

11. Petitioner, Norberto Jaracuaro Botello, is a Mexican national and has been an LPR since 2001.

12. On September 13, 2026, he was detained at the Los Angeles International Airport, upon returning from an international trip to Mexico.

13. DHS has placed Petitioner in removal proceedings.

14. DHS served Petitioner with a Notice to Appear (hereinafter, "NTA") classifying him as an "arriving alien" and charging inadmissibility under INA Section 212(a)(2)(A)(i)(II).

15. DHS bases his detention on the following convictions from December 5, 2019: (a) two (2) counts in violation of California Health and Safety (hereinafter, "HS") Code Section 11377(A), Possession of a Controlled Substance; (b) California Penal Code (hereinafter, "PC") Section 530.S(c)(1), Possession of Personal Identification with Intent to Defraud; and (c) California PC Section 484(a) 488, Petty Theft.

16. The above referenced convictions are from separate cases numbers at the Orange County Superior Court.

17. Petitioner's confinement causes extreme hardship to his U.S. Citizen (hereinafter, "USC") wife and three (3) USC children because he is the breadwinner. Furthermore, his continued confinement is unlawful because it is punitive in nature and bears no reasonable relation to the purposes of immigration custody.

//

//

//

**ARGUMENT**

**THE RESPONDENT'S HAVE VIOLATED THE PETITIONERS DUE PROCESS RIGHTS UNDER THE FIFTH AMENDMENT.**

18. The paragraphs above are incorporated.

19. The Fifth (5th) Amendment provides that "[n]o person shall be deprived of life, liberty, or property without due process of law."

20. "Freedom from imprisonment- from government custody, detention, or other form of physical restraint- lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis,* 533. U.S. 678, 690 (2001).

21. Petitioner has been detained since September 13, 2026, without any bond hearing or individualized determination, as his classification as an "Arriving Alien" excludes him from Immigration Judge bond jurisdiction.

22. Petitioner has been an LPR since 2001 and is the breadwinner to his USC family. Continued detention under these circumstances is punitive, arbitrary, and excessive.

23. His confinement violates substantive Due Process.

24. Petitioner seeks immediate release or a bond hearing.

//

//

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a. Assume jurisdiction over this matter;

b. Declare that the refusal to allow Petitioner a bond redetermination hearing before an Immigration Judge violates the law and Due Process;

c. Issue a writ of *habeas corpus* requiring that Respondents release him or provide the bond hearing to which he is entitled within fourteen (14) days;

d. Order further relief as this Court deems just and appropriate.

Dated: October 14, 2026

Respectfully Submitted,

/s/Jesus Gastelum, Esq.

**LEYENDA LEGAL GROUP, APC**
Jesus Gastelum, Esq. CA SBN 361275
12749 Norwalk Blvd. Suite 200E
Norwalk, CA 90650

Telephone: (626) 271-2863
E-Mail: info@leyendalegal.com