UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO JARACUARO BOTELLO,<br>Petitioner<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. CV 26-12061-MWF (MBK)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE, AS MODIFIED** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Docket No. 1), Answer (Docket No. 6), Report and Recommendation of United States Magistrate Judge ("Report"; Docket No. 7), Petitioner's Objections to the Report (Docket No. 9), and the other relevant records on file.

The Court has conducted a *de novo* review of the portions of the Report to which the Objections are directed, which is solely to the recommended relief. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise."). Petitioner claims that the Report's recommendation of a bond hearing, although it may provide "some relief," is unlikely to be a meaningful remedy for his alleged Constitutional violation,

essentially because an Immigration Judge ("IJ") might be influenced by the "present political climate, including direction of result by supervisors." (Docket No. 9 at 1-2, 4).

However, the Petition specifically alleged that he had been "deprived of . . . the normal bond process," and, as an alternative to immediate release requested a bond hearing, a remedy Respondents indicate Petitioner had not previously asked for prior to filing the Petition. (Docket No. 1 at 2-3, 5-6 (alleging Petitioner has been held "without any bond hearing" and seeking release "or a bond hearing"); Docket No. 6 at 2; Docket No. 7 at 3). Respondents agreed that a bond hearing was appropriate, and, despite the opportunity to do so, Petitioner did not file a Reply contesting their assertions or that form of relief that he initially sought. (Docket No. 4 at 2; Docket No. 7 at 3). Accordingly, inasmuch as the Report grants habeas relief Petitioner requested and both parties agreed was appropriate, the Objections are **OVERRULED**. *See* 28 U.S.C. § 2243 (if a district court entertains a habeas petition, it must either award the writ or order the respondent to show cause why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief); *see also, e.g., Martinez v. Murray*, No. 19-CV-04632-SVK, 2019 WL 13204225, at *3 (N.D. Cal. Nov. 12, 2019) (declining to waive administrative exhaustion of IJ's bond determination due to "current political climate" and administrative workload).

However, the Report's timeframe for relief is modified. Respondents indicate a bond hearing is warranted within seven (7) days (Docket No. 6 at 2), rather than fourteen (14) as fashioned in the Report (Docket No. 7 at 4). Accordingly, the bond hearing and status-report-compliance dates are modified as stated below. *See* Fed. R. Civ. P. 72 (upon review of objections, district judge may modify the recommended disposition).

**IT IS THEREFORE ORDERED** that:

(1) the Report is **ACCEPTED** as modified;

(2) the Petition is **GRANTED** in part;

(3) Petitioner Norberto Jaracuaro Botello (A# 077-124-552) be released from Respondents' custody unless he is afforded a bond hearing under 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order;

(4) Respondents file a status report within three (3) days of the hearing confirming compliance with this Order;

(5) judgment be **ENTERED** accordingly.

(6) the Clerk of the Court serve this Order and the Judgment on all counsel or parties of record.

Dated: November 10, 2026

MICHAEL W. FITZGERALD
United States District Judge